IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANNY JONES, | * | |
| Petitioner, | * | Civil Action No. RDB-13-3273 |
| v. | * | Criminal Action No. RDB-08-0565 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

On November 23, 2009, a jury convicted Petitioner Danny Jones ("Petitioner" or "Jones") of conspiracy to interfere with commerce by robbery and extortion (Count One), interference with commerce by robbery (Count Two), conspiracy to possess firearms in furtherance of a crime of violence (Count Three), and use of a firearm in furtherance of a crime of violence (Count Four) in violation of 18 U.S.C. §§ 1951(a), 1951(a), 924(o), & 924(c). Subsequently, this court sentenced Petitioner to a concurrent term of one-hundred and twenty-five (125) months as to Counts One, Two, and Three to run consecutively with one-hundred and fifteen (115) months as to Count Four, for a total of two-hundred and forty (240) months. J., ECF No. 182.

Petitioner has filed a Motion to Vacate Conviction *pro se* pursuant to 28 U.S.C. § 2255 (ECF No. 282), alleging in part that Count Four should be vacated because the jury did not find that Jones brandished the firearm. In this collateral attack, Petitioner claims that *Alleyne v. United States* should be applied retroactively to his sentence. —— U.S.——, 133 S. Ct. 2151 (2013). The Government argues that *Alleyne* does not apply retroactively, and in the

1

alternative, even if *Alleyne* applied retroactively, it would not affect Jones' sentence. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner Danny Jones' Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 282) is DENIED.

## BACKGROUND

On the evening of June 24, 2008, Danny Jones ("Petitioner" or "Jones") and two other individuals, Corey Adams ("Adams"), and Ray Blanks ("Blanks"), drove from Petersburg, Virginia, to a private residence in Cumberland, Maryland where Samuel Butler ("Butler") lived with his girlfriend, Christi Elliot ("Elliot"), and Elliot's nineteen-year-old son, Nathan Elliot ("Nathan"), and her twelve-year-old daughter. Jones and Blanks awakened Nathan and held him at gunpoint, and demanded that Nathan tell them where Butler was. Next, Jones and Blanks searched for money while dragging Nathan around the house at gunpoint. The two then forced Nathan to lie face down on the floor as they continued their search. Shortly thereafter, Elliot returned to the house where Jones and Blanks attacked her, demanding money and drugs. As Nathan remained lying face down on the first floor, Jones and Blanks took Elliot upstairs and strip-searched her, finding money and drugs on her body. The pair then forced Elliot to call Butler to ask him to come home, but Elliot was unable to reach him.

Shortly before 9:00 a.m. the next day, Butler walked into the residence; Jones and Blanks immediately beat Butler with their handguns.  Butler managed to retrieve his own handgun from the sofa and proceeded to fire two shots at Jones and Blanks, missing them both. The pair then fled through the back door of the home and ran down the alley. Butler

fired three more shots, striking Jones twice. Bleeding heavily, Butler collapsed in the street as Blanks, Jones, and Adams fled by car.

On December 9, 2008, a federal grand jury indicated Jones and co-defendants Ray Blanks and Cory Adams. Indictment, ECF No. 1. On July 10, 2009, a jury convicted Jones of four counts: (1) conspiracy to interfere with commerce by robbery and extortion in violation of 18 U.S.C. § 1951(a); (2) interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); (3) conspiracy to possess firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o); and (4) use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). This Court sentenced Petitioner to a total of two-hundred and forty (240) months incarceration as a result of his convictions. ECF No. 182.

Jones appealed his conviction to the United States Court of Appeals for the Fourth Circuit (ECF No. 184), arguing that this Court impermissibly enhanced his sentence for brandishing a firearm with respect to his § 924(c) conviction (Count Four). Then, as now, Jones alleged that he should have been sentenced based on the jury's finding of using a firearm within the meaning of § 924(c), and therefore sentenced to no more than sixty (60) months incarceration. Jones' convictions and sentences were affirmed on appeal (ECF No. 262), prior to the Supreme Court's ruling in *Alleyne*. —— U.S.——, 133 S. Ct. 2151 (2013). Jones now attacks his sentence collaterally, claiming that under the Supreme Court's holding in *Alleyne*, this Court impermissibly found that he brandished his firearm, which resulted in an increase in his sentence. Jones claims that *Alleyne* should apply retroactively and thus the sentencing increase based on judicial fact-finding violated his Sixth Amendment right to a trial by jury as to these elements of the offense.

**STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

**DISCUSSION**

I.    *Alleyne* Does Not Apply Retroactively to Cases on Collateral Review

Jones challenges Count Four of his sentence, alleging that it should be vacated because the jury did not find that the Petitioner brandished the firearm. Petitioner's sentence was based upon this Court's finding that Jones brandished his weapon, as opposed to merely using his weapon, within the meaning of 18 U.S.C. § 924(c)(1)(A)(ii); as a consequence, the minimum *consecutive* sentence was increased from five to seven years. The United States Court of Appeals for the Fourth Circuit rejected Petitioner's argument concerning the impermissibility of this Court's factual finding. *United States v. Blanks,* 439 F.App'x 228 (4th Cir. 2011).[1] The Fourth Circuit, relying on *Harris v. United States,* 536 U.S. 545 (2002),

---

[1] This case included Jones' appeal.

determined that this Court properly applied the seven year mandatory minimum based on judicial fact-finding during sentencing. *Id.*

In 2013, the Supreme Court overruled *Harris* in *Alleyne.* The Court held that a fact that increases the mandatory minimum sentence of a crime is an element of the crime and not a sentencing factor. 133 S.Ct. at 2163-64. The Court held"[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155.

The Supreme Court decided *Alleyne* after Jones' conviction and sentence. Jones argues it should apply to his sentencing, however his argument ignores the Supreme Court's holding that only when a new rule is a "watershed rule of criminal procedure" does it implicate the "fundamental fairness and accuracy of the criminal proceeding," *Saffle v. Parks,* 494 U.S. 484 (1990), and thus must be applied retroactively. The Supreme Court has made this exception extraordinarily narrow by virtue of its rejection of every argument for this exception that has come before it. *See Whorton v. Bockting,* 549 U.S. 406 (2007) (emphasizing the narrowness of the procedural right exception and detailing a list of cases where the Court rejected arguments for retroactive application). Only those landmark decisions that fundamentally change criminal procedure in the United States qualify for this exception. *See United States v. Powell*, 691 F.3d 554, 558 (4th Cir. 2012).

In *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Fourth Circuit has held that *Apprendi* was not a watershed

rule, and therefore should not be given retroactive effect. *See, e.g., United States v. Sanders,* 247 F.3d 139, 147 (4th Cir. 2001). As *Alleyne* is simply a broadening of *Apprendi,* the necessary implication of *Sanders* is that *Alleyne* should not be retroactively applied. In an unpublished decision, the Fourth Circuit noted that *Alleyne* "has not been made retroactively applicable to cases on collateral review" *See United States v. Stewart,* 540 Fed. App'x 171, 172 (4th Cir. 2013) (unpublished per curium); *see also Muhammad v. Purdue,* No. 5:12CV129, 2013 WL 4508870 at *4 (N.D.W.Va. 2013). *Stewart* is an unpublished opinion and thus not binding on the Fourth Circuit. However, the United States Courts of Appeals for the Third, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits, have all held that *Alleyne* should not be applied retroactively. *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013); *accord Hughes v. United States,* 770 F.3d 814 (9th Cir. 2014); *In re Mazzio,* 756 F.3d 487, 489-90 (6th Cir. 2014); *In re Kemper,* 735 F.3d 211, 212 (5th Cir. 2013); *In re Payne,* 733 F.3d 1027, 1029-30 (10th Cir. 2013). Indeed, the Seventh Circuit Court of Appeals held that "[u]nless the Supreme Court Justices decide that *Alleyne* applies retroactively on collateral review . . . we cannot authorize a successive collateral attack . . ." *Simpson,* 721 F.3d at 876. Subsequently, in 2014 the Supreme Court denied certiorari to a Third Circuit Court of Appeals case presenting the same question. *United States v. Reyes,* 755 F.3d 210, 211 (3d Cir. 2014) *cert. denied,* —— U.S. ——, 135 S.Ct. 695 (2014).

Therefore, Petitioner's argument fails, as *Alleyne* does not apply retroactively to Petitioner's collateral attack on his conviction and sentence. Accordingly, Petitioner's Motion to Vacate is DENIED.

II.   <u>Assuming that *Alleyne* Did Apply, the Sentence Would be Unaffected</u>

6

Even if *Alleyne* did apply, Jones' argument would still fail. Even though Jones' jury did not find that the Petitioner brandished the firearm, his sentence was within the limits permitted. Under Count Four, the Court sentenced Jones to one-hundred and fifteen (115) months, above the sixty (60) months minimum for use and possession of a firearm and above the eighty-four (84) months mandatory minimum for "brandishing" the firearm. At sentencing, the Court properly considered the nature of the offense and other relevant factors under 18 U.S.C. § 3553(a). It is abundantly clear from the record in this case that this Court imposed a sentence of one-hundred and fifteen (115) months on Count Four, well in excess of any mandatory minimum that may have otherwise applied. As Count Four carries a maximum of life, 18 U.S.C. § 924(c), Jones' sentence did not exceed the statutory maximum.

Therefore, Petitioner's argument fails, as this Court properly calculated his sentence under 18 U.S.C. § 3553(a). Accordingly, Petitioner's Motion to Vacate is DENIED.

## **CONCLUSION**

For the forgoing reasons, this Court finds Petitioner's argument for retroactive application of *Alleyne* unavailing. Furthermore, even assuming that *Alleyne* does apply, Jones has failed to demonstrate that it requires a reduction in his sentence. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 282) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir.

2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

   A separate Order follows.

Dated:        September 23, 2015

                                                                  ___/s/_____
                                                                  Richard D. Bennett
                                                                  United States District Judge